12-4496-cr
United States v. Bishop

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand and thirteen.

Present:

> BARRINGTON D. PARKER,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*,

_____

United States of America,

> *Appellee*,

> v.                             No. 12-4496-cr

Patrick Bishop,

> *Defendant–Appellant*.

_____

FOR APPELLANT:       Laurie S. Hershey, Manhasset, NY.


FOR APPELLEE:       Robert A. Marangola, Assistant United States Attorney, of Counsel, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

_____

Appeal from a judgment of the United States District Court for the Western District of

New York (Larimer, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Patrick Bishop appeals from the district court's judgment convicting him, pursuant to a guilty plea, of conspiring to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). On appeal, Bishop argues that the district court abused its discretion in denying his motion to withdraw his guilty plea without holding an evidentiary hearing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Gonzalez*, 647 F.3d 41, 57 (2d Cir. 2011). Under Federal Rule of Criminal Procedure 11, a defendant may withdraw his guilty plea before the district court imposes a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether the defendant has met this standard, district courts "should consider, *inter alia*: (1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; and (3) whether the government would be prejudiced by a withdrawal of the plea." *United States v. Doe*, 537 F.3d 204, 210 (2d Cir. 2008). "A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." *Id*. at 211 (internal quotation marks omitted); *see also Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999) ("A criminal defendant's self-inculpatory statements made under oath at his plea allocution carry a strong presumption of verity, and are generally treated as

2

conclusive in the face of the defendant's later attempt to contradict them." (citations and internal quotation marks omitted)).

In order to justify an evidentiary hearing, "the defendant must present some significant questions concerning the voluntariness or general validity of the plea . . . ." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir. 1992). Thus, the district court may deny the defendant's motion to withdraw his plea without a hearing "where the defendant's allegations merely contradict the record, are inherently incredible, or are simply conclusory." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) (internal quotation marks omitted).

Applying the above standards, we hold that the district court acted well within its discretion in denying Bishop's motion to withdraw his guilty plea without holding an evidentiary hearing. As the court recognized, Bishop's conclusory assertion of his innocence was belied by his statements made under oath during his plea allocution, which established that his plea was knowing, voluntary, and supported by a factual basis. For the same reason, the district court was not required to credit Bishop's self-serving and unsupported affirmations suggesting that his plea was neither voluntary nor competent. *See Doe*, 537 F.3d at 211.

Moreover, contrary to Bishop's argument, the conclusion that his plea was knowing, voluntary, and supported by a factual basis is not undermined by his insistence that the firearms involved in his offense under § 924(c) were located in a locked suitcase in the trunk of his vehicle. During his plea allocution, Bishop indicated that he understood that the conduct he had admitted to was sufficient to sustain a conviction under § 924(c) even if the firearms were located in the trunk of his vehicle. *See* Appellant's App'x at 58-59. Bishop's understanding is consistent with the Supreme Court's interpretation of the statute. *See Muscarello v. United States*, 524 U.S. 125, 126-27 (1998) (holding that § 924(c)(1) "applies to a person who

3

knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car").

Furthermore, the district court properly concluded that the 13-month delay between Bishop pleading guilty and moving to withdraw his plea weighed against finding that withdrawal was "fair and just" under Rule 11(d). *See, e.g., Doe*, 537 F.3d at 213 (five-month delay between defendant's guilty plea and filing motion to withdraw supported denial of that motion); *Torres*, 129 F.3d at 715 (same regarding seven-month delay). In addition, because Bishop did not present a "significant question[ ] concerning the voluntariness or general validity of [his] plea," the district court did not abuse its discretion in declining to hold an evidentiary hearing. *See Gonzalez*, 970 F.2d at 1100.

We have considered Bishop's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4